# IN THE UNITED STATES DISTRICT COURT OF TENNESSEE,

## EASTERN DISTRICT

## AT KNOXVILLE

FILED

JAN 0 5 2012

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

|  |  |  |
|---|---|---|
| **Sadiq Hafiz Abdul-Salim** ( Chester L. Wallace ) | ) ) | |
| **Yahya Bilal Muhammad Siddiq** ( Jonathan F. L. Davis ) PLAINTIFFS | ) ) ) ) | |
| Vs. | ) ) | Case # 3:12-CV-6 |
| **Ron Turner,** **Catherine Posey,** **Debra Inglis,** **James Morrow,** **Tim Coleman,** **Kenneth Locke,** **Pat Ryan,** **Religious Activities Committee,** **& Reuben V. Hodge,** **T.D.O.C.,** **Edgar Tabares, et al, Union Supply** **Direct** DEFENDANTS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMAND** |

## CIVIL ACTION

This is a Pro-Se Civil Rights Action, brought against the above named
defendants, pursuant to 42 U.S.C. § 1983, 1985 (3), as well as 42 U.S.C. § 2000
cc-1 and 28 U.S.C. § 1332 (c) (1) who are also in violation of the First Amendment
to the Constitution of the United States, as well as Article 1 Sec. 3 of the
Tennessee Constitution.

The Plaintiffs herein invoke the pendent jurisdiction of the Court pursuant to 28 U.S.C. § 1343.

## PRELIMINARY STATEMENT OF FACTS:

The Plaintiffs, ( from here on, Abdul-Salim and Siddiq ), contend that sometime in 2006, the Tennessee Department of Correction, ( from here on, T.D.O.C. ), launched a new inmate package program by signing a contract with a new, previously unheard of company, named Union Supply Direct.

As part of their contract, the T.D.O.C. and Union Supply Direct have agreed to, (a) funnel all inmate monies directly to Union Supply Direct only, ultimately resulting in excessive price gouging. And (b) Union Supply Direct would give the T.D.O.C. a handsome return in kickbacks from all the tremendous profits earned in this conspiratorial monopoly. This has irreparably denied the plaintiffs of their right to freely exercise their religious beliefs because both plaintiffs are prohibited from purchasing their religious necessities from an approved Islamic Vendor. And the T.D.O.C. absolutely refuses to state why they won't allow or re-approve Islamic Vendors, ( that were previously approved ), that have already been doing business with Muslim inmates for years in the T.D.O.C. prior to this contract.

These actions are in direct violation of the plaintiffs' rights to be free from any and all governmentally imposed substantial burdens on their religious exercise, without any other alternatives nor any penological interest. This has all been done for the sole purpose of effectuating a procedure that is in direct violation of 42 U.S.C. 1985 (3), as well as T.D.O.C. Policy 118.01, 42 U.S.C. 2000 cc-1, and the First Amendment to the United States Constitution.

Abdul-Salim and Siddiq also contend that ever since that time, the rights of religious adherents, ( especially Muslims ), have been profoundly affected by this company, ( Union Supply Direct ), and the T.D.O.C.

2

The defendants, Union Supply Direct and various officials of the T.D.O.C. have all acted in a very elaborate and concerted conspiracy to intentionally and maliciously violate, not only the Constitutionally protected rights of the Plaintiffs and all others affected, but several Federal Laws, e.g. The Sherman Anti-Trust Act, The Anti-Kickback Act, The Fair Labeling Act, etc.

All T.D.O.C. officials involved, who are all properly named in this action, acted in their official capacities and in direct violation of the First Amendment to the U.S. Constitution, 42 U.S.C. 2000 cc-1 and Article 1 section 3 of the Tennessee Constitution, under color of State Law.

## CAUSE OF ACTION

The Plaintiffs, Abdul-Salim and Siddiq, expressly contend that the T.D.O.C. entered into a contractual conspiracy to deprive inmates in the T.D.O.C. of their First Amendment Right to the Free Exercise of their respective religions, as well as their Right to utilize a more competitive consumer market by not providing them with more than one vendor. Thus, eliminating Union Supply Direct's insatiable appetite to over-charge inmates for religious products and inmate package products in general.

Furthermore, Abdul-Salim and Siddiq assert the fact that sometime in early 2007, without absolutely any provocation, the T.D.O.C. effectively ended all religious package purchases of Muslim inmates, that were coming from reputable Islamic Vendors, such as, Halalco, Madina, Crescent Imports, Exotic Fragrances, etc., affectively depriving both Abdul- Salim and Siddiq of their First Amendment Right to practice their religion, as they had been, pursuant to their religious beliefs. This was done without the slightest notice or any penological interest whatsoever, except, the **5%** administration fee kicked back to the T.D.O.C. for all their hard

3

work and cooperation in funneling all inmate money directly to one company, Union Supply Direct.

## AFFECT OF THE CONSPIRACY

Both plaintiffs, Abdul-Salim and Siddiq, contend, that due to this ongoing conspiracy between the T.D.O.C. and Union Supply Direct, they have been substantially burdened and unable to purchase any religious material, e.g., Kufis, Prayer Rugs and Prayer Oils from authentic Islamic Vendors. And they have not been allowed to accept free donations from recognized Islamic Religious Centers.

Therefore, due to the Plaintiffs' sincerely held beliefs that it is Haraam, ( Unlawful ), for them to do business with a Non-Islamic Company that actively participates in Riba, ( Usury ), as well as witchcraft, because it can clearly be seen in their catalog the pentagrams and tarot cards in which they sell alongside other religious materials, the plaintiffs have been completely unable to practice their religion solely due to this **_Monopoly_** and **_Conspiracy_** to deprive the plaintiffs and so many others of their First Amendment Right to the Free Exercise of Religion. This is done without any penological interest, other than financial gain.

Abdul-Salim also contends that he submitted a religious accommodation request on behalf of the Sunnah Muslim Community of M.C.C.X. ( Morgan County Correctional Complex ), on January 28th, 2011, which was ultimately recommended for denial by the warden of M.C.C.X. and then adopted by the entire Religious Activities Committee.

Ron Turner stated in his memorandum, to Abdul-Salim, that T.D.O.C. Policy requires that all **_Prayer Oils, Kufis and Prayer Rugs_** be purchased from Union Supply Direct, which is an absolute lie because T.D.O.C. Policy does not

4

grant exclusive rights to Union Supply Direct to sell religious material. In fact, Union Supply Direct is not mentioned at all anywhere in T.D.O.C. policy.

Furthermore, Ron Turner stated in his memo that Union Supply Direct has informed him that the Prayer Rugs and Kufis they sell are being purchased from Halalco, ( an approved vendor ), and that their Prayer Oils come from Al-Fajr and Prime Oil.

Also, Abdul-Salim and Siddiq assert the fact T.D.O.C. Policy clearly states that: *" Religious objects may be donated to indigent inmates by volunteers, outside clergy or outside organizations,"* ( emphasis added ). policy 118.01 VI. C 3.

However, the T.D.O.C. has refused to allow Muslims to receive religious objects donated by outside Islamic Organizations, that wasn't purchased first from Union Supply Direct, even if purchased from Halalco, which is the exact same company Union Supply Direct purchases its Kufis and Prayer Rugs from. And the T.D.O.C. even goes so far as to tell Islamic Organizations that they must order all Islamic Religious material, at a higher price, directly from Union Supply Direct, even though these Religious Organizations already have a surplus of religious material readily available to send to indigents. Thus, eliminating any and all alternatives for the plaintiffs to practice their religion.

Also, Abdul-Salim and Siddiq allege that the T.D.O.C. doesn't follow their own policy when it comes to the purchase of authentic Islamic Prayer Oils, which states, in relevant part; *" Inmates may purchase three ounces of prayer oil from vendors,* ( emphasis added ), approved by the T.D.O.C. and in accordance with Policy #507.02", see Policy #118.01 VI. C 8. *Also for the record, the plaintiffs assert the fact that Union Supply Direct and the T.D.O.C. absolutely refuse to provide them with any M.S.D.S., ( Material Safety Data Sheet ), and they are in great fear of their safety due to the fact that the oils coming in from this company, ( Union Supply Direct ), never have labels on them*

*detailing the active ingredients and or possible hazardous material, in direct violation of the Fair Labeling Act…*

All these actions are in violation of the Sherman Anti-Trust Act, the Anti-Kickback Act, The Fair Labeling Act, etc., as well as the First Amendment which guarantees Free Exercise of Religion.

Therefore, given the fact that these actions are an attempt to force the plaintiffs to modify their religious practices as well as violate their religious beliefs, the plaintiffs, Abdul-Salim and Siddiq have brought forth this action pursuant to Federal Law. And thus, for the reasons stated above, and given the fact that the actions of all T.D.O.C. officials were intentional and maliciously perpetrated, ***under color of state law***, the defendants, who are properly named in this action, are hereby sued in their Official, Individual and Personal capacities.

Also, Edgar Tabares, and all other representatives of Union Supply Direct are herein sued as a Corporation, pursuant to 28 U.S.C. 1332 (C) (1).

*Please see all attachments for the record, ( Grievance of Abdul-Salim and attached affidavit of both plaintiffs ).*

## PRAYER OF RELIEF

The plaintiffs seek from the Court a **Declaratory Judgment**, stating that the actions of all T.D.O.C. officials and Union Supply Direct are Unconstitutional and in direct violation of Federal Law.

Also, the plaintiffs seek from the Court an immediate **Injunction** enjoining the T.D.O.C. from prohibiting them from the lawful purchase of religious material from reputable approved Islamic Vendors, e.g**., Halalco**, **Madina, Crescent Imports** and **Exotic Fragrances**, etc.

Also, the plaintiffs should be allowed to receive religious donations from Islamic Organizations, pursuant to T.D.O.C. Policy #118.01 VI. C 3., without

6

having them first order said items from Union Supply Direct. The plaintiffs are also seeking a **Judicial Order** enjoining the defendants and their friends, relatives, associates and all work related state officials from any and all acts of retaliation against the plaintiffs for them having exercised their Constitutional Rights as is guaranteed to them by the First Amendment to the Constitution of the United States. This **Order** should be issued immediately upon receipt of this complaint against the defendants, given the fact, that the officials of this facility, ( M.C.C.X.) Are historically known for oppression, physical abuse, as well as unprovoked disciplinary reports that are always fabricated and arbitrary transfers in order to intimidate an inmate from pursuing their Constitutional claims.

## MONETARY DAMAGES:

The plaintiffs seek compensatory damages in the amount of $200,000.00 ( Two Hundred Thousand Dollars ), from both T.D.O.C. and Union Supply Direct separately.

Also, the plaintiffs are seeking punitive damages in the amount of $600,000.00 ( Six Hundred Thousand Dollars ), from both T.D.O.C. and Union Supply Direct separately.

All damages sought herein are pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1985 (3).

## CERTIFICATE OF SERVICE

The plaintiffs hereby certify that an exact and true copy of the foregoing has been delivered to the defendants this the ___3rd___ day of ___January___, 2012, by way of U.S. Mail.

7

Union Supply Direct
6300 Commerce Center Dr., Building A
Groveport, Ohio 43125


Tennessee Department of Correction
Rachel Jackson Building, 6th Floor
320 Sixth Avenue North
Nashville, TN. 37243-1400

Respectfully Submitted,

Sadiq Hafiz Abdul-Salim, Pro-Se
(Chester L. Wallace # 330282)
M.C.C.X., P. O. Box 2000
Wartburg, TN. 37887

Yahya Bilal Muhammad Siddiq, Pro-Se
(Jonathan F. L. Davis # 253019)
M.C.C.X., P. O. Box 2000
Wartburg, TN. 37887

SWORN TO AND SUBSCRIBED before me this  3rd  day of

Jan. , 2012.

Ronald Edward Hodge

NOTARY PUBLIC

04-02-2013

MY COMMISSION EXPIRES

8